# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CR-18-041-001-F |
| ADRIAN GUSTAVO NUNEZ-SANCHEZ, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Defendant Adrian Gustavo Nunez-Sanchez, proceeding *pro se*, has filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines.[1] Doc. no. 621. Plaintiff United States of America has responded in opposition to the motion. Doc. no. 623. The matter is at issue.

On September 11, 2018, defendant pleaded guilty, pursuant to a plea agreement, to two counts of an Amended Superseding Information, charging defendant with (1) possession of methamphetamine with intent to distribute, in violation of 18 U.S.C. § 841(a)(1) (Count 1), and (2) money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count 2). Thereafter, the Probation Office prepared a revised final presentence investigation report. Doc. no. 375. Count 1 and Count 2 were grouped together for sentencing guideline calculation purposes under

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate. Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

U.S.S.G.[2] § 3D1.2(c), and defendant's base level offense was calculated at 38. Defendant received a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because he possessed a firearm; a two-level enhancement under U.S.S.G. § 2D1.1(b)(5) because his offense involved the importation of methamphetamine; a two-level enhancement under U.S.S.G. § 2D1.1(b)(12) because he maintained a premises for the purpose of distributing a controlled substance; a two-level enhancement under U.S.S.G. § 2S1.1(b)(2)(B) because he was convicted under 18 U.S.C. § 1956; and a four-level enhancement under U.S.S.G. § 3B1.1(a) because he was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, resulting in an adjusted offense level of 50. Applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 43.

Based on his lack of criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I. With a total offense level of 43 and a criminal history category of I, defendant's advisory sentencing guideline imprisonment range was life.

At sentencing, the court adopted the final presentence investigation report without change. The court departed downward and sentenced defendant for a term of imprisonment of 130 months as to each of Count 1 and Count 2, to run concurrently.

In his motion, defendant asks the court to adjust his sentence based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, given that he received zero criminal history points.

---

[2] United States Sentencing Guidelines.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 622), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).

To be eligible for the two-level adjustment as a zero-point offender, defendant must meet ten criteria. *See*, U.S.S.G. § 4C1.1(a). One of those criteria is that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense[.]" U.S.S.G. § 4C1.1(a)(7). As previously stated,

defendant received a two-level sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) because he possessed a firearm.

Another one of the ten criteria is that "defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. [§] 848[.]" U.S.S.G. § 4C1.1(a)(10); *see also*, United States v. Read-Forbes, Criminal Action No. 12-20099-01-KHV, 2024 WL 382638, at *1 (D. Kan. Feb. 1, 2024) (Section 4C1.1(a)(10) "properly read to exclude any defendant who *either* had [an] aggravating role enhancement or engaged in [a] continuing criminal enterprise[.]") (citing United States v. Castaneda Mendez, Case No. 20-CR-20155-RAR, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024)) (emphasis in original).  As previously stated, defendant received an aggravating role enhancement under U.S.S.G. § 3B1.1(a) for being an organizer or leader in the criminal activity.

Because defendant does not meet all ten criteria of U.S.S.G. § 4C1.1(a), specifically, U.S.S.G. §§ 4C1.1(a)(7), and 4C1.1(a)(10), he is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).  Therefore, the court concludes that defendant's motion should be dismissed.

Accordingly, defendant Adrian Gustavo Nunez-Sanchez's "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c) and Sentencing Guidelines Amendment 821," (doc. no. 621) is **DISMISSED**.

IT IS SO ORDERED this 3rd day of July, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0041p117 (Nunez-Sanchez).docx